# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHELLE L. CHIMENTO,

      Plaintiff,

v.                                            No. 1:25-cv-0209 MIS/DLM

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff Michelle L. Chimento's Motion to Reverse and Remand to Agency. (Doc. 17.) Having considered the record, submissions of counsel, and relevant law, the Court recommends the motion be denied.[1]

**I.  Procedural History**

Michelle L. Chimento protectively filed her applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act (SSA) on December 11, 2020. (Administrative Record[2] (AR) at 101–02, 273.) The Administration denied her applications initially on June 4, 2021 (*id.* at 151, 155), and upon reconsideration on May 30, 2023 (*id.* at 163–67). Chimento timely requested a hearing with an administrate law judge (ALJ). (*Id.* at 168–70.)

Both Chimento and a vocational expert (VE) testified during the *de novo* hearing. (*See id.*

---

[1] United States District Judge Margaret Strickland entered an Order of Reference referring this case to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 11.)

[2] Document 8 contains the sealed Administrative Record. (Doc. 8.) I cite the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

at 36–50.) ALJ Michelle Lindsay issued an unfavorable decision on May 16, 2024. (*Id.*) Chimento submitted a Request for Review of Hearing Decision/Order to the Appeals Council (*id.* at 27), which the Council ultimately denied. (*Id.* at 1–6.) Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     The Sequential Evaluation Process and the ALJ's Findings

"The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); *see also* 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant is eligible for disability benefits, the Commissioner follows a sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not "doing substantial gainful activity;" (2) she has a severe impairment or combination of impairments that has lasted or is expected to last for at least one year; and (3) her impairments meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *see also* 20 C.F.R. §§ 404.1509, 416.909; *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "RFC is a multidimensional description of the work-related abilities a claimant retains in spite of [her] medical impairments." *Garcia v. Saul*, 509 F. Supp. 3d 1306, 1310 (D.N.M. 2020) (quoting *Ryan v. Colvin*, No. 15-cv-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016)) (citing 20 C.F.R. § 404.1545(a)(1)) (brackets omitted). If the claimant meets "the burden of establishing a

prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient [RFC] to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One, ALJ Lindsay found that Chimento had engaged in substantial gainful activity (SGA) since the February 1, 2020 alleged onset date. (AR at 42 (citing 20 C.F.R. §§ 404.1571–76, 416.971–76).) Despite SGA earnings, the ALJ found "there is a 12-month period of non-SGA in 2020–2021, and [Chimento] has since stopped working again." (*Id.*) The ALJ's analysis addresses "the entire period from the alleged onset date through the date of [the] decision." (*See id.*) At Step Two, the ALJ concluded that Chimento "has the following severe impairments: 'carcinoid tumors of the stomach status post excision, Sjogren's syndrome, rheumatoid arthritis, mild degenerative change of the right knee, plantar fasciitis, type II diabetes, hypertension, and morbid obesity.'" (*Id.* (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) At Step Three, the ALJ found that Chimento "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 43 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).)

At Step Four, the ALJ considered the evidence of record and found:

> [Chimento] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can occasionally climb stairs and ramps, but can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, crouch, kneel, and crawl. She can frequently (as opposed to constantly) handle and finger. She must avoid more than occasional exposure to extreme cold. She must completely avoid unprotected heights.

(*Id.* at 44.)

Based on her review of the record and the testimony of the VE, ALJ Lindsay found that

Chimento is able to perform past relevant work as a companion. (*Id.* at 48.) The ALJ ultimately determined that Chimento "has not been under a disability, as defined in the Social Security Act, from February 1, 2020, through the date of [the] decision." (*Id.* at 50 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).)

### III.     Legal Standard

The Court reviews the Commissioner's decision to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While a deficiency in either area is grounds for remand, *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012), the Court may neither reweigh the evidence nor substitute its judgment for the agency's, *see Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

To decide whether the ALJ applied the correct legal standards, the Court must determine whether she adhered to "the specific rules of law that must be followed in weighing particular types of evidence in disability cases . . . ." *Lax*, 489 F.3d at 1084 (quotation marks and citation omitted). To determine whether substantial evidence supports the ALJ's factual findings, the "[C]ourt looks to [the] administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). Substantial evidence "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (citation omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the

4

matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200).

IV. **Discussion**

Chimento argues that reversal and remand is warranted because the ALJ (1) failed to adequately consider Chimento's medically determinable mental impairments; and (2) failed to address the severity of Chimento's physical impairments of gastritis and headaches. (*See* Doc. 17 at 20–26.) I recommend affirming the Commissioner's decision and denying Chimento's motion to reverse and remand.

> **A. Chimento has not demonstrated reversible error in the ALJ's analysis of Chimento's mental impairments.**

Chimento first argues that "the ALJ failed to include a narrative discussion of [her] mental impairments in the RFC, and [thus] the RFC is not supported by substantial evidence." (*See id.* at 20.) Specifically, she contends that the record reflects her diagnoses of anxiety, insomnia, and depression, but the ALJ failed to consider those impairments and the resulting limitations. (*See id.* at 22.) The Commissioner asserts that substantial evidence supports the ALJ's finding that Chimento did not have a severe mental impairment, and the ALJ's opinion adequately discussed Chimento's non-severe mental impairments when determining Chimento's RFC. (*See* Doc. 20 at 4.)

Chimento does not assert that her mental impairments were severe or that the ALJ erred in finding that her mental impairments were not severe. Instead, she contends that the ALJ failed to include an adequate narrative discussion regarding her mental impairments in the RFC. (Doc. 17 at 20–22.) The Court finds otherwise.

The ALJ first discussed Chimento's depression and anxiety in her Step Two discussion when finding that they were non-severe impairments. (AR at 42.) First, she acknowledged Chimento's depression and anxiety. (*Id.*) Then, as required under 20 C.F.R. § 404.1520a(e)(2) and

§ 416.920a(e)(2), the ALJ considered Chimento's four broad functional areas of mental functioning. (AR at 42 (citing the four functional areas).) The ALJ first found that Chimento had no limitation in understanding, remembering, or applying information. (*Id.*) The ALJ then found that Chimento only had mild limitations in the other three functional areas: (1) interacting with others; (2) concentration, persistence, and maintaining pace; and (3) adapting or managing oneself. (AR at 42–43.) When discussing these mild limitations, the ALJ referenced Chimento's medical records that showed "normal mood, affect, and behavior" and that Chimento had "declined referrals to psychotherapy." (*Id.* (citations omitted).) In addition, the ALJ noted that Chimento's records showed "normal exams regarding mood, affect, behavior, speech, memory, attention, concentration, insight, judgment and thought content." (*Id.* at 43 (citations omitted).) Because the ALJ found that Chimento's "medically determinable mental impairments cause[d] no more than 'mild' limitations in any of the functional areas and the evidence [did] not otherwise indicate that there [was] more than a minimal limitation in the claimant's ability to do basic work activities," she concluded that Chimento's mental impairments were non-severe. (AR at 43 (citing 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1)).)

In the RFC portion of the opinion, the ALJ also discussed Chimento's non-severe mental impairments. (*Id.* at 46–48.) Specifically, the ALJ discussed Chimento's mental impairments in conjunction with several medical expert's opinions. (*Id.*)

First, the ALJ addressed Dr. Anne Christensen's opinion and found it unpersuasive. (*Id.* at 46–47 (discussing AR at 4790–94).) She noted that Dr. Christensen stated that Chimento had depression but stated that Dr. Christensen's statement that Chimento was unable to focus was not entirely consistent with other notes. (*Id.* at 47 (citing AR at 4842).) Specifically, the ALJ noted that when Chimento takes her medications, "she does much better and has no issues sleeping." (*Id.*

(citing AR at 4841).) In addition, the ALJ stated that "several notes show normal exams regarding mood, affect, behavior, speech, memory, attention, concentration, insight, judgment and thought content." (*Id.* (citations omitted).)

The ALJ also addressed the opinion of Dr. Marie C. Weil, PsyD, who saw Chimento for a mental evaluation on May 19, 2021. (*Id.* (citing AR at 1021–27).) The ALJ found Dr. Weil's opinion "not particularly persuasive" and stated that "[t]he medical records and lack of treatment do not support a finding of significant limitations due to a mental impairment." (*Id.*) The ALJ thoroughly addressed Dr. Weil's mental evaluation and noted that the overall record showed normal exams. (*Id.* at 47–48 (citations omitted).)

Finally, the ALJ addressed two other medical opinions on Chimento's mental impairments, both of which found that she has no severe mental impairment. (*Id.* at 48 (citing AR at 103–09, 133–48.) In discussing these opinions, the ALJ stated that "[s]everal notes show normal orientation, mood, behavior, thought and judgment which supports finding no severe mental impairment." (*Id.*) In addition, when making this determination, the ALJ found that Chimento had "normal exams regarding mood, affect, behavior, speech, memory, attention, concentration, insight, judgment and thought content." (*Id.* (citations omitted).)

The Court's "general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citations omitted). Chimento does not direct the Court to "substantial evidence that would allow a reasonable administrative factfinder to include any mental limitations in [Chimento's] RFC." *Alvey v. Colvin*, 536 F. App'x 792, 795 (10th Cir. 2013). In short, I find that the ALJ adequately discussed Chimento's mental impairments in formulating the RFC and recommend denying the motion on this basis.

### B. Chimento has not demonstrated reversible error in the ALJ's analysis of Chimento's physical impairments of gastritis and headaches.

Chimento additionally asserts that the ALJ erred by failing to address the severity of her physical impairments of gastritis and headaches at step two and by failing to sufficiently address those impairments during the RFC. (Doc. 17 at 24–25.) The Commissioner contends that the ALJ adequately considered Chimento's physical impairments. (Doc. 20 at 9–12.)

Chimento first contends that the ALJ failed to sufficiently discuss her gastritis and how it significantly limited her activities in the ALJ's RFC. (Doc. 17 at 25.) However, "the mere presence of a condition" is insufficient to demonstrate a severe impairment. *See Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008) (citation omitted). Indeed, the ALJ did not include Chimento's gastritis as a severe impairment in her Step Two finding. (*See* AR at 42.)

In addition, "[t]here is obviously no requirement that the ALJ reference everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) (citation omitted). Even still, the ALJ referenced Chimento's gastritis in her RFC discussion when discussing Chimento's other stomach issues. (AR at 46.) Indeed, the ALJ noted the single pathology report from May 2, 2023, which provided that Chimento had "a well-differentiated neuroendocrine tumor, along with chronic gastritis." (*Id.* (citing AR at 2759).) I find that the ALJ thoroughly discussed Chimento's stomach issues, which included her gastritis. (*See id.* at 45–46.) Thus, the ALJ adequately considered Chimento's stomach issues when formulating her RFC.

Next, Chimento argues that the ALJ inadequately discussed her headaches. (Doc. 17 at 25.) Chimento acknowledges that the ALJ cited Chimento's July 2023 ER visit for headaches. (*See id.*) Yet, Chimento asserts that the ALJ failed to acknowledge the intensity of that headache. (*Id.*)

The only evidence in the record regarding Chimento's headaches is the July 2023 ER visit. And the ALJ noted this visit and then discussed the exam's finding. (*See* AR at 46.) Specifically,

the ALJ stated that the exam's findings showed "no swelling, tenderness or signs of injury; the claimant had normal range of motion without rigidity, and no focal neurological deficits; she had intact motor function, sensation, and coordination." (*Id.* (citing AR at 4290).) In addition, the ALJ stated that "[a] CT scan of the head detected no acute intracranial pathology." (*Id.* (citing AR at 4291).) On balance, I find that the ALJ adequately discussed Chimento's headaches when formulating her RFC.

Furthermore, Chimento does not identify any functional limitations relating to her headaches. "When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996). Chimento does not state what functional limitations her headaches cause nor point to evidence of functional limitations from her headaches. Indeed, Chimento only states that the record shows that she went to the ER one time in July 2023 for headaches. And, as noted above, the ALJ adequately addressed this visit. (*See* AR at 46.)

In sum, the ALJ adequately discussed Chimento's physical impairments when formulating the RFC, and I recommend denying the motion on this issue.

**V.    Conclusion**

Chimento fails to demonstrate that the ALJ erred in discussing either her mental or physical impairments. Thus, I recommend denying the motion to reverse and remand.

**IT IS HEREBY RECOMMENDED** that Chimento's Motion to Reverse and Remand (Doc. 17) be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE